AO 106 (Rev. 04/10) Application for a Search Warrant          AUTHORIZED AND APPROVED/DATE: s/Drew E. Davis 06/25/24

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. M-24-520   -STE
)
A black Cricket Alcatel cellphone, Model Unknown, IME # Unknown, )
seized during the execution of a search warrant at 301 Dennis St, )
Trailer 186, Edmond, OK, located at the HSI Oklahoma City evidence )
vault, 3625 NW 56th St., Oklahoma City, Oklahoma 73112

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(4) | Transporting Prohibited Weapons Without a License |

The application is based on these facts:

See attached Affidavit of Joshua Dickson, Special Agent, HSI

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

JOSHUA DICKSON, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___06/25/2024___

*Judge's signature*

City and state: Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Joshua Dickson, Special Agent with Homeland Security Investigations (HSI) being duly sworn, depose and state as follows:

1. I have been a Special Agent with HSI since May 2022, and I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7). Prior to joining HSI, I was a Border Patrol Agent with United States Border Patrol for five years. In total, I have completed approximately twenty-four weeks of specialized training at the Federal Law Enforcement Training Center located in Glynco, Georgia, and approximately twenty-four additional weeks of training in Artesia, New Mexico. I am currently assigned to the HSI office in Oklahoma City, Oklahoma (hereinafter "HSI Oklahoma City") and am authorized to conduct criminal investigations of violations of United States laws including Title 18 of the United States Code. As part of my investigations, I have executed search and arrest warrants, analyzed records documenting the shipment of machinegun conversion devices, and discussed with other local and federal law enforcement officers how individuals illegally obtain, manufacture, and store firearms and machinegun conversion devices.

2. I am currently investigating **Emanuel Lopez (LOPEZ)** for, *inter alia*, transporting prohibited weapons without a license in violation of 18 U.S.C. § 922(a)(4). I am submitting this Affidavit in support of a search warrant authorizing a search of **LOPEZ's** cellular telephone: a black Cricket Alcatel cellphone seized during the execution of a search warrant at **LOPEZ's** residence (hereinafter **SUBJECT PHONE**), as further described in **Attachment A**, which is incorporated into this Affidavit by reference. HSI has custody of the **SUBJECT PHONE** in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant authorizing a search of the **SUBJECT PHONE** for the items specified in **Attachment B** hereto, wherever they may be found, and to seize all items in **Attachment B** as instrumentalities, fruits, and evidence of the aforementioned crimes.

3. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## PROBABLE CAUSE

4. On May 7, 2024, Customs and Border Protection (CBP) at the Los Angeles International Mail Facility notified HSI of a parcel traveling through international mail that was inspected and found to contain a machinegun conversion device. The parcel was addressed to "Manny L" at 301 Dennis Street, Trailer 186, Edmond, Oklahoma 73003 (the RESIDENCE) and was shipped from:

> Shenzhen Sunyou Cross Border L
> Room 19E BLDG A, Zhongmei Rd,
> Longhua Shenzhen, China.

The parcel was declared as "auto part, radio broadcast receiver, FM or AM/FM only" on the shipping manifest.

5. On May 9, 2024, CBP Los Angeles notified HSI Oklahoma City of another shipment destined for "Manny L" at the RESIDENCE. This parcel was inspected and found to contain a machinegun conversion device. The parcel was shipped from:

> Shenzhen Sunyou Cross Border L
> Room 19E BLDG A, Zhongmei Rd,
> Longhua Shenzhen, China.

The parcel was declared as an "auto part" on the shipping manifest.

6. On May 17, 2024, CBP was conducting inspections at the DHL International Mail Facility and intercepted a shipment containing a machinegun conversion device destined to "Manny L" at the RESIDENCE,

shipped from:

> Chunshueng International Industrial
> 165-171 Wan Chai Rd,
> Lucky Centre, RM 1512
> Hong Kong, China.

The parcel was declared as "hardware accessories" on the shipping manifest.

7. On May 21, 2024, CBP Oklahoma City observed through law enforcement records checks that another shipment destined to "Manny L" at the RESIDENCE was due to travel through the CBP Los Angeles Port of Entry from China. CBP Oklahoma City notified HSI Oklahoma City of the shipment.

8. On June 6, 2024, CBP Los Angeles notified HSI Oklahoma City of another shipment destined for "Manny L" at the RESIDENCE. This parcel was inspected and found to contain a machinegun conversion device. The parcel was shipped from:

> Hangzhou Anzhi Supply Chain Co LTD
> Room 157-7 Zhejiang
> Hangzhou, China.

The parcel was declared as "decorative ornaments" on the shipping manifest.

9. Using Oklahoma State driver's license records, HSI Oklahoma City identified "Manny L" as: "**Emanuel Lopez, 301 Dennis Street, Trlr 186, Edmond, OK 73003.**" Additional searches in law enforcement databases showed eight (8) prior shipments to **LOPEZ** at the RESIDENCE

from various shippers located in China, that had successfully passed through customs without inspection and were manifested as a mixture of auto parts, machine parts, camera parts, 3-D printer parts and a flashlight. These shipments ranged in date from April 13, 2024, to May 5, 2024. Some of these shippers have been associated with multiple seizures of parcels addressed to other individuals containing machinegun conversion devices shipped from China to the United States.

10. On May 23, 2024, I confirmed that **LOPEZ** was not a licensed importer, licensed manufacturer, licensed dealer, or licensed collector based on a review of the "State Federal Firearms Listing" on the ATF website for the state of Oklahoma. I searched the list for **Emanuel Lopez** and/or 301 Dennis Street and did not finding any registered agents on the list.

11. On May 31, 2024, United States Magistrate Judge Amanda Maxfield Green of the Western District of Oklahoma issued a Search Warrant for the RESIDENCE.

12. On June 10, 2024, **LOPEZ** was charged by criminal complaint with transporting machineguns without a license in violation of 18 U.S.C. § 922(a)(4).

13. In connection with executing the search warrant at the RESIDENCE on June 11, 2024, HSI Agents seized a silver Apple iPhone from a bathroom in which **LOPEZ** had just exited at his RESIDENCE. On the same

day, during a post-*Miranda* interview, **LOPEZ** stated that he searched "Glock switch" on the internet, purchased machinegun conversion devices from websites, and had them shipped to the RESIDENCE. Furthermore, **LOPEZ** stated there are social media accounts he has utilized to post photos and videos of Glock switches.

14. While executing the search warrant, **LOPEZ's** girlfriend, C.R., asked law enforcement to retrieve her phone from a bedroom where she and **LOPEZ** stay so that she could have her phone while she waited outside the RESIDENCE. C.R. stated that her phone was on the bed. When investigators went into the bedroom, they located only one phone on the bed. During the search of that bedroom, investigators located a separate black Cricket Alcatel cellphone from inside a dresser drawer which contained male clothing, gun parts, and **LOPEZ's** non-driver identification card on top of the dresser.

15. Based on **LOPEZ's** statements that he has purchased machinegun conversion devices online and posted photos and videos of those devices to social media, I believe that evidence of transporting prohibited weapons without a license is likely to be found on the **SUBJECT PHONE**.

16. Because no machinegun conversion devices were located in the RESIDENCE and **LOPEZ** has admitted to purchasing machinegun conversion devices and posting them to social media, I believe that **LOPEZ** has transferred or sold those devices to other individuals. Based on my training

and experience, I am aware that individuals involved in trafficking illegal firearms and machinegun conversion devices often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal firearms and machinegun conversion devices. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of firearm offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

17. Based on my training and experience, a machinegun conversion device meets the definition of "machinegun" as defined in 26 U.S.C. § 5845(b).

18. On June 14, 2024, United States Magistrate Judge Suzanne Mitchell issued a search warrant for the silver Apple iPhone seized from the bathroom at the RESIDENCE. *See* MJ-24-00508-SM.

## CONCLUSION

Based on the above information, I submit that there is probable cause to believe that a violation of 18 U.S.C. 922(a)(4) has occurred, and that evidence, fruits, and instrumentalities of this offense are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the SUBJECT PHONE, described in **Attachment A**, authorizing the seizure of items described in **Attachment B**.

JOSHUA DICKSON
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me this 25th day of June, 2024.

SHON T. ERWIN
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a black Cricket Alcatel cellphone, (hereinafter **SUBJECT PHONE**) seized during the execution of a search warrant at **Emanuel Lopez's (LOPEZ's)** residence at 301 Dennis Street, Trailer 186, Edmond, Oklahoma 73003. The **SUBJECT PHONE** was seized from inside a dresser drawer which contained male clothing, gun parts, and **LOPEZ's** non-driver identification card on top of the dresser. The bedroom which contained the dresser is where **LOPEZ** and his girlfriend, C.R., stay. The **SUBJECT PHONE** is currently stored in the HSI Oklahoma City evidence vault, located at 3625 NW 56th Street, Oklahoma City, OK 73112. The **SUBJECT PHONE** is shown below:



## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

1. All records on the **SUBJECT PHONE** described in **Attachment A** that relate to violations of 18 U.S.C. § 922(a)(4) involving **LOPEZ**, including but not limited to:

    a. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers or other contact information.

    b. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from the **SUBJECT PHONE** and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls.

    c. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device.

d. Audio recordings, pictures, video recordings or still captured images on phone memory cards, or other storage related to the planning, coordinating, motive, and or executing activities in furtherance of violations listed above.

e. Contents of any calendar or date book stored on the **SUBJECT PHONE**.

f. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations.

g. Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence.

h. Evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software.

i. Evidence of the attachment of other devices.

j. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device.

k. Evidence of the times the **SUBJECT PHONE** was used.

l. Passwords, encryption keys, and other access devices that may be necessary to access the device.

m. Applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the **SUBJECT PHONE** or to conduct a forensic examination of it.

n. Records of, or information about, Internet Protocol addresses used by the **SUBJECT PHONE**.

o. Records of or information about the **SUBJECT PHONE's** Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

p. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber.

q. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information).

r. Evidence indicating the subscriber's state of mind as it relates to the crimes under investigation.

s. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

t. Records, documents, and information relating to financial transactions conducted in furtherance of violations listed above.

2. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, HSI

may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.